DEN ON THE DEMISE OF JACOB BROWN v. OWEN MUGWAY.

Under a will devising lands to the testator's two sons, equally in value and to their heirs and assigns—with a subsequent condition, that if either of them "die under age or intestate" his share shall go to the survivor;—*held* that to intitle the survivor—the devisee, who first died, must have been both under age and intestate.

"Or," will be construed "and," in order to maintain the express general intent of the testator. This power of changing *or* into *and*, is founded on judicial decisions, that run back for more than two hundred years.

This was an action of ejectment for lands in the county of Salem, and was argued on a state of the case agreed upon at the Circuit, and returned, as a *postea* in the cause.

*A. L. Eakin*, for the plaintiff.

*R. P. Thompson*, for the defendant.

The opinion of the court, was delivered by

FORD, J.    This is a devise of lands to the testator's sons Zaccheus and Jacob, equally in value; and to their heirs and assigns; with a condition in the subsequent part of the will, that it either of them "*die under age, or intestate*," his share shall go to the survivor.    Jacob the survivor claims the share of his deceased brother, not because Zaccheus died "under age;" he died an adult and left children; but under the last clause in the limitation that he made no will; he died "*intestate*," and Jacob claims adversely to the children of Zaccheus, on the ground simply that their father died "*intestate*."

One word, only one in the limitation, countenances his claim. It is the word "*or;*" a word in writing and composition used carelessly and erroneously, oftener than any one, perhaps, in our language.    It is not a *word*, it is the *intent* of a testator manifested in his will, that is sacred and must prevail.

Now his *intent* in the first part of the will, is subject to no guess or conjecture; it is so plain as to defy contradiction; he devises this share to the "*heirs*" of Zaccheus, and consequently to his *children*, who are his nearest and dearest heirs.

It is no guess-work, mere fancy, or conjecture therefore, that, in the first part of his will, he intended this share for Zaccheus and his children; the word "*heirs*" sets any other construction

at defiance. And this makes us unerringly sure of what may be called his general intent.

The first part of the subsequent clause, which is, " *if he die under age,*" *probably* was not meant to take away the share from Zaccheus's children if he had any, because that would be contrary to the general intent so manifestly expressed; it was more probably to provide for the possible event of his dying *without children,* as commonly happens to most sons who die " *under age.*"

But be this as it may; what was meant precisely by dying under age, need not be settled; for Zaccheus died an adult. So the inheritance of his children cannot be destroyed by any pretence of their father dying under age.

But if he died " *intestate* " that is, without making *any* will, the land was to go over, as the plaintiff urges. A will was not required disposing of the share in question, nor of any land whatever, nor of any particular goods. If he had made a will bequeathing only a tooth-pic, or a cent, he would not have died " *intestate.*" Now could it have been the intention to deprive the children of his eldest son, of their father's share, upon such a weak, flimsy and foolish reason as not disposing by will of a tooth-pic or a straw? Can *such a* particular intent be weighed against the rational, strong and sound *general* intent, so fully expressed in the *first* part of the will, that the share should go to Zaccheus " and his heirs," including his children if he had any? A feather might as well be conceived to outweigh a ton. It shows that there is a palpable mistake in using the word " *or* " instead of the word " *and,*" that frustrates the testator's general intent, and substitutes only a particular foolish intent in the place of it. The evident meaning is, " if either of my sons die under age AND intestate," if he do *both* the share shall go over. But Zaccheus did not do *both,* and therefore his share did not vest in the survivor; it vested in him in fee simple as soon as he came of age, and the defendant may well claim under him.

This power of changing *or* into *and,* and *vice versa,* in order to maintain the express general intent of the testator, is founded on judicial decisions that run back for more than two hundred

years, as this court formerly observed, in the case of *Den* v. *Taylor,* 2 *South.* 420. I need now only refer to the cases there cited in proof of this universal rule, and a subsequent case of *Nevison* v. *Taylor,* 3 *Halst.* 43. Wherefore I am of opinion that judgment of non-suit be entered with costs.

HORNBLOWER, C. J. and RYERSON, J. concurred.

*Judgment of non-suit.*

CITED in *Den* v. *Young,* 4 *Zab.* 782 ; *Den* v. *Lake,* 1 *Dutch.* 611.